**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ORLANDIS M. DUNN,
     Appellant,

    v.

UNITED STATES POSTAL SERVICE,
     Agency.

DOCKET NUMBER
CH-0752-16-0505-I-1

DATE: February 9, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David W. Neel, Esquire, Shaker Heights, Ohio, for the appellant.

Raymond Wacker, South Euclid, Ohio, for the appellant.

Miriam Dole, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his mixed-case removal appeal as untimely. Generally, we grant petitions such as this one only in the following circumstances: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis on the question of whether the appellant made contact with an equal employment opportunity (EEO) representative within the regulatory timeframe, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant, a preference-eligible Carrier Technician with the agency in Cleveland, Ohio, was removed from his position for failure to maintain a regular work schedule, effective March 13, 2015. Initial Appeal File (IAF), Tab 7 at 39-42, 60. Believing that his removal was based on disability discrimination, the appellant contacted the agency's EEO office on April 21, 2015, but he did not engage in any further process related to filing a formal complaint of discrimination at that time. IAF, Tab 27 at 8. He later filed a grievance, which was denied by the arbitrator as untimely filed. IAF, Tab 7 at 62. After the issuance of the arbitrator's decision on August 20, 2015, the appellant again contacted an EEO counselor with the agency on August 25, 2015, alleging disability discrimination over his removal. *Id*. at 74. He advised the EEO office that the "date of incident" was August 20, 2015—the date of the arbitration decision—as opposed to March 13, 2015— the effective date of his removal. *Id*.

The appellant and the agency engaged in the appropriate process to investigate a complaint of discrimination, and on June 10, 2016, the agency issued a final decision finding no discrimination. *Id*. at 18-34. On July 20, 2016, the appellant filed the instant appeal with the Board. IAF, Tab 1.

¶3    The administrative judge issued an order on timeliness requiring the appellant to show that his appeal to the Board was timely filed. IAF, Tab 3. Both parties responded, and the administrative judge scheduled a hearing on the question of timeliness. IAF, Tabs 5, 7, 14, 17, 19. In addition, the agency also raised the question of the timeliness of the appellant's contact with an agency EEO counselor in its narrative response and motion to dismiss and in its prehearing submission. IAF, Tabs 7, 22. After reviewing the pleadings and holding two telephonic status conferences, IAF, Tabs 13, 20, the administrative judge issued an order requiring the parties to file additional pleadings on the question of whether the appellant's contact with the agency's EEO counselor was timely, as it bore on the ultimate timeliness of the appellant's appeal, IAF, Tab 24 at 1-2 (citing 5 C.F.R. § 1201.154(b); *Landingham v. U.S. Postal Service*, 81 M.S.P.R. 77, ¶ 10 (1999)). The administrative judge canceled the scheduled hearing to allow more time for the parties to submit additional pleadings. IAF, Tab 24 at 2.

¶4    Without holding a hearing, the administrative judge issued an initial decision. IAF, Tab 29, Initial Decision (ID). He acknowledged the appellant's contact with the EEO counselor on April 21, 2015, but noted that the appellant failed to provide any of the agency's requested information, resulting in the agency closing his request for counseling. ID at 6. The administrative judge determined that the actual date of the appellant's initial contact with the agency's EEO counselor was August 25, 2015. ID at 3. Because this date exceeded the time limit imposed by 29 C.F.R. § 614.105(a)(1), which requires the appellant to make initial contact with an EEO counselor within 45 days of the discriminatory action, the administrative judge found that the appellant's formal complaint of

discrimination was untimely.  ID at 3-4.  He also found that the appellant failed to meet any of the permissible reasons for extending the 45-day deadline, and he dismissed the appeal as untimely.  ID at 3-7 (citing 29 C.F.R. § 1614.105(a)(2)).

¶5        The appellant has filed a petition for review arguing that he was entitled to a hearing on the question of timeliness and that, contrary to the administrative judge's finding, he made timely contact with an EEO counselor.  Petition for Review (PFR) File, Tab 1 at 4.  The agency has filed a response to the appellant's petition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        When an appellant has been subjected to an action appealable to the Board and raises issues of prohibited discrimination, he may file a timely formal complaint of discrimination with the agency or a timely appeal with the Board. *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 11 (2016); 5 C.F.R. § 1201.154(a).  When, as in this case, an appellant elects to file a complaint of discrimination, it must comport with the regulatory requirements set forth in 29 C.F.R. §§ 1614.105-1614.106.  These regulations require a "pre-complaint process."  29 C.F.R. § 1614.105.  Part of that process requires an aggrieved person to make initial contact with an EEO counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action.  *Conover v. Department of the Army*, 78 M.S.P.R. 605, 613-14 (1998); 29 C.F.R. § 1614.105(a)(1).  The regulations further discuss the pre-complaint steps that must be taken by the agency and the appellant, which ultimately determine the date by which a formal complaint of discrimination must be filed with the agency.  29 C.F.R. §§ 1614.105-1614.106.

¶7        After filing a timely formal complaint, the appellant may file an appeal with the Board within 30 days of his receipt of the agency's final decision or, if the agency failed to resolve his complaint within 120 days, any time after those

120 days. 5 C.F.R. § 1201.154(b). Thus, to gain the right to appeal to the Board in a mixed case in which the appellant elected to proceed with the agency's internal EEO process, both an appellant's formal complaint of discrimination to the agency and his appeal to the Board must be timely filed. 5 C.F.R. § 1201.154(b); 29 C.F.R. § 1614.106(b). The appellant bears the burden of proof, by a preponderance of the evidence, on the issue of timeliness. *See Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 5 (2013); 5 C.F.R. § 1201.56(b)(2)(i)(B).

¶8        In the initial decision, the administrative judge found that the appellant's complaint to the agency was untimely under 29 C.F.R. § 1614.105(a), thereby depriving the appellant of his right to appeal his removal to the Board. ID at 4. This finding was based on the administrative judge's determination that the appellant made initial contact with an agency EEO counselor on August 25, 2015. ID at 1-2. Although we agree with the administrative judge's ultimate conclusion that the appellant's EEO activity prior to his Board appeal was untimely, we modify his analysis to consider in greater detail the appellant's April 21, 2015 contact with an EEO counselor.

¶9        The plain language of 29 C.F.R. § 1614.105(a)(1) requires only that an aggrieved person "initiate contact" with an EEO counselor within 45 days of the effective date of the agency action. *Id*. On review, the appellant argues that he initially contacted the EEO counselor on April 21, 2015, which would place him within the 45-day time limit mandated by the regulation. PFR File, Tab 1 at 4. To support this argument, the appellant refers to a letter from the agency's EEO contact center. IAF, Tab 27 at 8. Although the letter ultimately closes the appellant's request for counseling due to his failure to provide the requested information, it reiterates the appellant's initial contact date of April 21, 2015. *Id*. Thus, it appears that the appellant met the 45-day initial contact requirement set forth in 29 C.F.R. § 1614.105(a)(1); *see Lengerich v. Department of the Interior*,

454 F.3d 1367, 1370 (Fed. Cir. 2006) (stating that a regulation should be interpreted by its plain language).

¶10        Nonetheless, 5 C.F.R. § 1201.154, the regulation providing for Board review in mixed-case appeals, requires the appellant to have filed a timely formal complaint of discrimination with the agency.  Because the appellant did not continue with the pre-complaint process outlined in 29 C.F.R. § 1614.105, there was no timely complaint filed, or any formal complaint at all, as a result of the April 21, 2015 contact.  IAF, Tab 27 at 8.  Therefore, we find that, due to the appellant's own inaction, he failed to file a timely formal complaint of discrimination and that, although the administrative judge relied on the August 25, 2015 date as the date of initial contact, the ultimate dismissal for untimeliness was proper.

¶11        Although it is not clear why the administrative judge disregarded the April 21, 2015 contact, his reliance on August 25, 2015, as the initial contact date is not entirely misplaced.  ID at 6.  In an EEO dispute resolution specialist's inquiry report, the date recorded for the initial contact with the EEO office is August 25, 2015.  IAF, Tab 7 at 74.  Even if we determined, in the alternative, that the date of the appellant's initial contact was August 25, 2015, we would still find the administrative judge's dismissal for untimeliness to be proper.

¶12        Initial contact made on August 25, 2015, would exceed the 45-day limit imposed by 29 C.F.R. § 1614.105(a)(1) by several months; however, the regulation provides four permissible reasons for extending the 45-day deadline.  ID at 3-7 (citing 29 C.F.R. § 1614.105(a)(2)).  One of those reasons is that, despite due diligence, the appellant was prevented from making counselor contact.  29 C.F.R. § 1614.105(a)(2).[2]  The appellant has argued that after his

_____

[2] The administrative judge discussed the other possible reasons for extending the deadline and found that none applied to the appellant.  ID at 3-7.  These findings have not been challenged on review, PFR File, Tab 1 at 4, and we find no reason to disturb them here.

removal an EEO counselor informed him that it would be more prudent to proceed with a grievance before filing a formal complaint of discrimination with the agency. IAF, Tab 27 at 6-7. Regardless of the veracity of this assertion, the record is clear that in April 2015, the agency sent the appellant information to be completed and returned in order to proceed with the pre-complaint process, and the appellant did neither.[3] *Id.* at 8. Ultimately, it was his own inactions that halted the first contact with an EEO counselor, not the agency's alleged prevention. Thus, we agree with the administrative judge's conclusion that the appellant failed to engage in basic due diligence as required by 29 C.F.R. § 1614.105(a)(2) to receive a waiver of the 45-day period. ID at 6.

¶13    The appellant also argues on review that the Board is required to defer to the agency's determination on the timeliness of a formal complaint of discrimination. PFR File, Tab 1 at 4. He references a nonprecedential order issued by the Board that remanded an appeal in which the initial decision rejected an agency's determination that the appellant's EEO complaint was timely filed, finding instead that the EEO complaint was untimely because the appellant did not contact the agency's EEO counselor within 45 days of the discriminatory act. *Id.* (citing *Portal v. Department of Labor*, MSPB Docket No. DC-0752-14-0225-I-1, Remand Order (*Portal* RO), ¶ 10 (Feb. 27, 2015)). We find the appellant's

---

[3] On review, the appellant argues that the administrative judge improperly made credibility determinations concerning his assertions that an EEO counselor told him to file a grievance before filing an EEO complaint. PFR File, Tab 1 at 4. He argues that the administrative judge should have held a hearing to determine the credibility of his claims. *Id.* The Board has held that when an appellant has requested a hearing in his appeal and the administrative judge determines that there is a dispute of material facts relating to timeliness, the appellant is entitled to a hearing on timeliness. *Brown v. U.S. Postal Service*, 106 M.S.P.R. 12, ¶ 16 (2007). Here, the administrative judge found there to be no disputed material facts, ID at 3, and we agree. We find the appellant's assertions regarding the conversations with an EEO counselor to be immaterial. Other portions of the written record show that the agency's actions, regardless of its alleged statements, prove that it properly engaged in the pre-complaint process with the appellant and that the appellant failed to engage in return. IAF, Tab 27 at 7. Therefore, we agree with the administrative judge that there is no dispute of material fact, and we find his decision on the written record to be proper. *Brown*, 106 M.S.P.R. 12, ¶ 16.

reliance on *Portal* to be misplaced. In that case, the agency had made an explicit determination on the question of timeliness, *Portal* RO, ¶ 5, and it is well settled that the Board must defer to the employing agency's determinations regarding the timeliness of discrimination complaints, *Cloutier v. U.S. Postal Service*, 89 M.S.P.R. 411, ¶ 6 (2011).

¶14    In this case, however, there was no explicit determination on the question of timeliness. IAF, Tab 7 at 18-34. The appellant provided inaccurate information to the EEO counselor by claiming that the date of the discriminatory action was August 20, 2015, the date of the arbitrator's grievance decision, rather than March 13, 2015, the effective date of his removal. *Id*. at 74. Given that the initial contact date recorded on the relevant form was August 25, 2015—five days after the arbitrator's decision—the EEO counselor would have had no reason to question the timeliness of the contact. Further, both the Board and the Equal Employment Opportunity Commission have indicated that an agency's acceptance and investigation of a complaint with no finding on the issue of timeliness is not a waiver of the time limit for initiating contact with an EEO counselor. *Landingham*, 81 M.S.P.R. 77, ¶ 10; *Ziman v. U.S. Postal Service*, EEOC Appeal No. 01842595, 1986 WL 635226 at 8 (July 23, 1986). Because we have no timeliness determination to which to defer, and in the absence of such a determination, the 45-day time limit is not considered to be waived, we find the appellant's argument to be meritless.

¶15    Regardless of whether the appellant's initial contact date with an agency EEO counselor was April 21, 2015, or August 25, 2015, we find that the appellant failed to file a timely formal complaint of discrimination. Accordingly, we affirm the initial decision as modified herein.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]   The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.